UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **STRATTON SECURITIES, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 1:20-cv-00248-RP |
| | § | |
| **EL CAMPO VENTURES, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## AMENDED COMPLAINT

Plaintiff Stratton Securities, Inc. ("Stratton"), files its Amended Complaint against Defendant El Campo Ventures, LLC ("El Campo"), alleges as follows:

### PARTIES

1. Stratton is a South Carolina corporation with its principal place of business in South Carolina.

2. El Campo is a Texas limited liability company with its principal place of business in Texas and may be served with process by serving its registered agent for service of process, Gattis Law Firm, PC, 213B West 8th Street, Georgetown, Texas 78626.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a)(1). This is a civil action where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. At the time this suit was filed on March 9, 2020, and through the date of this Amended Complaint, Plaintiff was and is a citizen of South Carolina. At the time this suit was filed on March 9, 2020, and through the date of this Amended Complaint, Plaintiff was incorporated in South Carolina and has its principal

place of business in South Carolina. At the time this suit was filed on March 9, 2020, and through the date of this Amended Complaint, Defendant El Campo Ventures, LLC and its members were and are Texas citizens, and not citizens of South Carolina, based upon the following facts which are true as of the time this suit was filed on March 9, 2020, and through the date of this Amended Complaint: 1) Defendant El Campo Ventures, LLC is a Texas limited liability company; 2) the two members of El Campo are Gattis, LLC, a Texas limited liability company, and Ninety North Holdings, LP, a Texas limited liability partnership; 3) the sole member of Gattis, LLC is Dan Gattis; 4) Dan Gattis is a citizen of Texas, and not South Carolina; 5) the sole general partner of Ninety North Holdings, LP is Ninety North Holdings, LLC, a Texas limited liability company; 6) the sole member of Ninety North Holdings, LLC is Rae Powell; 7) the sole limited partner of Ninety North Holdings, LP is Rae Powell; 8) Rae Powell is a citizen of Texas, and not South Carolina. Plaintiff and Defendants are therefore citizens of different states.

4. This Court has personal jurisdiction over El Campo as El Campo is a citizen of and regularly does business in the State of Texas.

5. The Court further has jurisdiction to declare the rights and other legal relations of the parties under the Declaratory Judgment Act, 28 U.S.C. § 2201, as there is an actual controversy between the parties in a case within the Court's jurisdiction.

6. Venue is properly laid in this district as it is the judicial district where the defendant resides.

**FACTUAL BACKGROUND**

7. Stratton owns and operates the Studios, located at 909 Munson Road in Carrizo Springs, Texas (the "Studios"), which consists of multiple modular buildings, formerly used as a housing complex for oilfield workers.

8. Due to the decrease in the price for oil and natural gas, the Studios was not occupied in 2019. Stratton received various inquiries from third parties concerning the possible sale of the Studios. Stratton was also in discussions with the United States concerning the possible sale of the Studios to the federal government for use as an immigrant shelter.

9. In April, 2019, Stratton was contacted by Dan Gattis and Rae Powell, principals of El Campo, who represented that they had been approached by a third party who wanted to purchase the Studios for use as housing for oilfield workers. Some weeks later, El Campo stated that it had significant contacts with the United States government which could be leveraged to cause the United States to purchase the Studios for use as an immigration shelter.

10. Based upon the representations made by El Campo, Stratton entered into a letter agreement with El Campo dated May 2, 2019 (the "Letter Agreement"). The Letter Agreement set forth two options under which El Campo would be entitled to compensation related to the Studios. Under Option A, El Campo represented that it had been approached by a "Third Party Purchaser" desiring to purchase facilities to be operated as an immigration shelter. El Campo agreed to use it best efforts to sell the Studios to such third party. The Letter Agreement further stated that "[i]f El Campo is able to reach an agreement regarding such sale then the sale proceeds in excess of $4 Million will be equally shared equally between El Campo and Stratton." The Letter Agreement stated that time was of the essence, and it was the intent of the parties that an agreement be reached with such third party purchaser by Friday, May 17, 2019. No agreement was reached with the third party purchaser by May 17, or anytime thereafter, and the Studios was never sold. El Campo informed Stratton that the third party purchaser refused to purchase the facility because Stratton did not hold title to the real property where the Studios is located. El Campo did not reach an agreement regarding the sale of the Studios to the third party purchaser, and the requirements of

Option A never occurred. Accordingly, El Campo was not entitled to any sale proceeds under Option A.

11. Option B in the Letter Agreement stated that El Campo and Stratton intended to pursue the opportunity to obtain a contract to operate Stratton's facilities as an immigration shelter, as more particularly described in a mutually-satisfactory definite agreement. The letter agreement specifically stated that "the terms of Option B are not intended to be binding on or enforceable against any party until a fully executed Agreement is executed regarding Option B." No fully executed Agreement was executed regarding Option B. Accordingly, El Campo was not entitled to any compensation under Option B.

12. El Campo was unable to arrange a sale of the Studio to the United States. Stratton later engaged in discussions with the United States concerning leasing the Studios to the United States. Stratton subsequently leased the Studios to the United States for the operation of an immigrant shelter. The Lease did not satisfy either Option A or Option B of the Agreement. El Campo was therefore not entitled to any compensation as a result of Stratton's Lease with the United States.

13. El Campo takes the position that it is entitled to compensation due to the lease entered into between Stratton and the United States, contending that it was a "partner" with Stratton in the Studios. El Campo has now made demand on Stratton for payment of $4,000,000.

14. An actual controversy exists between Stratton and El Campo with respect to Stratton's lease of the Studios to the United States, including whether the Letter Agreement requires Stratton to compensate El Campo as a result of the lease between Stratton and the United States. Stratton has no obligation to compensate El Campo because El Campo failed to comply with either Option A or Option B in the letter Agreement. Furthermore, the Letter Agreement does

not create a partnership between the parties, or make El Campo a partner in the Studios. The parties had no agreement between them related to the Studios other than the Letter Agreement.

15. Stratton seeks a declaratory judgment to declare the rights and obligations of the parties related to Stratton's lease of the Studios, including any rights and obligations under the Letter Agreement and any other agreement alleged by El Campo.

## RELIEF REQUESTED

A. Stratton seeks a declaratory judgment declaring the rights and obligation of the parties with respect to Stratton's lease with the United States, including, but not limited to the following declarations:

   a. El Campo failed to comply with either Option A or Option B in the Letter Agreement;

   b. El Campo is not entitled to any compensation under the Letter Agreement as a result of Stratton's lease of the Studios to the United States;

   c. The Letter Agreement does not create a partnership between the parties, or make El Campo a partner in the Studios;

   d. No partnership was created or exists between the parties;

   e. Any alleged partnership agreement is barred by the Statute of Frauds or is too indefinite to enforce.

B. Stratton further seeks costs of court, attorney's fees and all other relief that is just and proper.

**AMENDED COMPLAINT – Page 5**

Respectfully submitted,

/s/ Michael L. Jones
Michael L. Jones
State Bar No. 10929460
mjones@henryandjones.com
**HENRY & JONES, L.L.P.**
16901 Dallas Parkway, Suite 202
Addison, Texas 75001
(214) 954-9700

**ATTORNEYS FOR PLAINTIFF
STRATTON SECURITIES, INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Amended Complaint was forwarded via email to the following on the ___ day of October, 2020:

Benjamin P. Gates
Law Office of Ben Gates, P.C.
7015 Snider Plaza, Suite 202
Dallas, Texas 75205
(bpg@bengatespc.com)

Alfonso C. Nevarez
870 E. Rio Grande St.
Eagle Pass, Texas 78852
(anc@nevarezlawgroup.com)

/s/ Michael L. Jones
Michael L. Jones

**AMENDED COMPLAINT – Page 6**